JAMES M. KYKENDALL v. MARY A. CLINTON.

*Error from Shawnee County.*

Motion for a new trial on the ground of "fraud and undue means" in procuring the verdict, was overruled in justice court and the case taken to District Court on exceptions, and affirmed; *Held* on error to the Supreme Court, the record failing to show the evidence sustaining the motion, that the Supreme Court will presume that the decision below was correct

The District Court could not review the rulings of the justice without exceptions, and the Supreme Court can go no further.

In an action of "forcible entry and detainer" before a justice, the description of the property in the affidavit on which the proceeding was founded, as follows: "The hotel commonly called the ' Clinton House ' in Indianola, Shawnee county, together with all the rooms, houses, garden, lots, &c., used in connection therewith;" *Held* sufficient.

*Semble*, it would be sufficient in a deed provided the property could be ascertained, which would be a question of fact, not of law.

The affidavit on which the proceeding in the justice court was founded, showed "that the said Mary A. Clinton on the 8th day of May A. D. 1863, was in the lawful and rightful possession of, as her own property, the following described premises, to-wit: her hotel commonly called the Clinton House in Indianola, Shawnee county, together with all the rooms, houses, garden, lots, &c., used in connection with the same, and afterwards to-wit: on the same day the said James M. Kykendall with force and arms did unlawfully and forcibly enter into said premises, and her, the said Mary A. Clinton, with force and strong hand did expel and unlawfully put out of possession of the same, and the said James M. Kykendall does unlawfully, unjustly, and with a strong hand deforce and still keep her the said Mary A. Clinton out of possession of the same."

Trial was had before a jury; verdict for plaintiff and judgment of restitution of the premises rendered. A motion for a new trial was made by Kykendall, before the

justice, on the grounds of fraud, partiality and undue means being used in rendering the verdict, supported by affidavits and the "evidence and allegations of the parties," which motion was overruled, and the defendant excepted. Kykendall filed a petition in error in District Court, averring as grounds: 1st. Error in giving. 2d. Error in refusing instructions to the jury. 3d. That the petition before the justice was insufficient. 4th. Error in ruling out evidence. 5th. Judgment was given for the wrong party. The transcript of the justice's docket accompanied the petition in error, setting forth the affidavit on which the summons in justice court was issued, with the other proceedings of the trial, but did not give the affidavits or evidence supporting the motion for a new trial. The justice's judgment was affirmed in District Court, which judgment of affirmance was excepted to and the case brought up to this court thereon.

*J. & D. Brockway*, for plaintiffs in error.

No counsel for defense.

*By the Court*, KINGMAN, J.

This cause having been taken up from the decision of a justice's court on error to the District Court, and having been there affirmed, presents itself to this court as seeking only to review the decision of the District Court.

The record shows no ruling of the justice, and no exceptions are filed except to the overruling the motion for a new trial.

The motion for a new trial was on the ground that the decision was obtained by fraud, partiality and undue means, and seems to have been supported by affidavits, but as they are not in the record we are not able to say that the justice erred in refusing a new trial. In the absence of the facts we are to presume that the decision was correct.

The District Court could not with propriety attempt to review on error the rulings or decisions of the justice to which no exceptions had been taken, and we can go no farther than the District Court.

The record discloses one of the alleged errors, which possibly, we may be authorized to examine.

The action was one of forcible entry and detainer, the complaint was based upon affidavit, and it may be that the law is, as urged, that a defective affidavit would be an error as fundamentally fatal in its character as a petition that does not state a sufficient cause of action. Without deciding whether this be so or not we will examine the alleged defect, which is a want of sufficient description of the property, the possession of which was sought to be recovered in the action.

The description is as follows:

"The hotel commonly called the Clinton House, in Indianola, Shawnee county, together with all the rooms, houses, garden, lots, &c., used in connection with the same."

For aught that we can know the description may have been perfect and accurate. Certain property in Indianola would be as likely to be known as belonging to the Clinton House, as the house itself, by that designation. Such a description would be good in a deed provided the property could be ascertained that was conveyed, and whether it could be so ascertained would be a question of fact and not of law.

The decision of the District Court is affirmed.

All the justices concurring.