ARTHUR CUMMINGS, PLAINTIFF IN ERROR, V. JAMES WINTERS, DEFENDANT IN ERROR.

1. **Forcible Entry and Detention**: NOTICE TO QUIT. In a notice to quit in forcible entry and detainer a description of the land by numbers, as "the N. E. ¼ of section 28, T. 7, R. 7," "the premises now occupied by you," is sufficient.

2. **Verdict**. A verdict that is against the clear weight of evidence will be set aside.

3. **Evidence**: ADMISSIONS. The admissions of a party to an action can be proved against him when they are so connected with the main transactions involved in the litigation as to be material to the issue. *Hooper v. Browning, ante* p. 420.

ERROR to the district court for Clay county. Tried below before MORRIS, J.

*Dilworth, Smith & Shockey,* for plaintiff in error.

*Leslie G. Hurd,* for defendant in error.

MAXWELL, CH. J.

This is an action of forcible entry and detainer brought by the defendant in error against the plaintiff to recover the possession of the north-east quarter of section 28, township 7, range 7, in Clay county. The case was commenced before a justice of the peace, and an appeal taken from his judgment to the district court, where a verdict was returned in favor of the defendant in error and judgment rendered thereon.

The first objection is that the notice to quit is not suffi-cient.   It is as follows:

"NOTICE TO QUIT.

" *To Arthur Cummings—*

·"I hereby notify you to leave the premises now occupied by you, to-wit: The N. E. ¼ of section 28, T. 7, R. 7.   If you fail to comply with this notice within three days after °the service, I shall institute legal proceedings to claim (obtain) possession of said premises.

"Signed,                 "JAMES WINTERS, by

"L. G. HURD,

" *His Attorney.*"

This notice was served March 2d, 1885.   The action was begun March 6th, 1885.   The objection made to the notice was that it did not describe the premises.   The de-scription certainly is sufficiently definite to enable any per-son familiar with the mode of numbering the different subdivisions of land adopted by the government to identify the premises, and this is sufficient, independently of the further statement of occupation by the defendant.   *Miller v. Hurford*, 13 Neb., 23–24.   This objection, therefore, was properly overruled.

· 2d.   That the verdict is against the weight of evidence. The testimony tends to show the following facts:  That in the year 1884 the plaintiff in error rented the land in con-·troversy, the lease terminating on the 1st of March, 1885; that some months prior to the expiration of the lease the defendant in error informed the plaintiff that if he did not sell the land he (the plaintiff) could remain another year; that the plaintiff thereupon relied on this statement and made arrangements to remain the second year; that about the 23d of February, 1885, the defendant went to the plain-tiff's residence "to see if he was preparing to go."   The plaintiff then informed him " that he thought he could hold it according to law, and did not intend to go."   The testi-

mony shows that the defendant did not sell the place. The plaintiff, therefore, was entitled to hold it for the second year, and this action is premature.

3d.   On the trial of the cause the plaintiff in error called one William Taylor as a witness, who testified : " I live in Clay county, and am acquainted with the parties." He was then asked:   " Did you have a conversation with Mr. Winters about leasing this land, wherein he stated to you that he had leased the farm to Cummings for 1885 ? " This was objected to as " immaterial, irrelevant, incompetent, and no time stated." These objections were sustained. In this, we think, there was error.   The witness should have been permitted to state whether or not he had a conversation with Mr. Winters, as the admissions of the defendant in error, if against his claim to the possession of the premises, no doubt would have been admissible in evidence.   *Stephens v. Vroman*, 16 N. Y., 381.   *Hooper v. Browning*, ante p. 420.   The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.