EDWARDS & MURCHISON v. RICHARD E..BOWDEN  and his wife BETTIE J. BOWDEN.

*Married  Woman—Evidence  to  Rebut  Fraud  in  Execution  of Deed  of.*

When, in an action to foreclose a mortgage on land belonging to a married woman, she alleged that her signature to the mortgage was obtained by fraud of the plaintiff, and fear 'and compulsion of her said husband, &c., it was competent for the plaintff to offer a deed executed by the *feme* and her husband, a year after the date of the mortgage, purporting to convey a part of the land embraced in the mortgage, for the purpose of paying a part of the mortgage debt, to rebut the testimony of the *feme* defendant tending to establish the truth of her allegations.

This was a CIVIL ACTION, for the foreclosure of a mortgage deed, tried before *Graves, J.,* and a jury, at Fall Term, 1888, of the Superior Court of GREENE.

Among other things, the defendant Bettie J Bowden alleged that she was a *feme covert* at the time the mortgage

was executed, and that the land attempted to be conveyed was her sole and separate property, and that her signature to said mortgage deed was obtained by the fraud and collusion of the plaintiffs, and the threats, fear and compulsion of her husband, and that her husband threatened to abandon and leave her unless she signed the mortgage to plaintiffs. It was alleged and proved that, at the time the *feme* defendant signed said mortgage, she was confined to her bed with sickness, and had been so confined for two weeks or more. There was no allegation or proof that the plaintiffs knew that her husband threatened to leave her if she refused to sign the mortgage to plaintiffs.

On the trial, plaintiffs offered in evidence a deed from plaintiffs and defendants to one Mary J. Pate, purporting to convey a part of the land attempted to be conveyed in said mortgage, and which was executed a year after the mortgage, for the purpose of raising money to pay off a part of said mortgage debt, for the purpose of rebutting the allegation that she signed said mortgage through fear of her husband, which evidence was objected to by the defendant, and rejected by the Court, to which ruling the plaintiffs excepted.

The defendant Bettie J. Bowden testified in her own behalf as follows: R. E. Bowden, my husband, brought the mortgage and said if I did not sign it he would leave me; Edwards, one of the plaintiffs, came in; I was sick; he talked to me much about his kindness to my husband; I told him I did not want to give a mortgage on my land; he said Bowden had given him an agreement to give him a mortgage on land; he said he would prosecute my husband for false pretense, and put him in jail if I did not sign the mortgage; my husband was in the habit of getting intoxicated, and when so was violent; I never signed the mortgage willingly and voluntarily; I was afraid he would do what he threatened.

Exceptions were taken by the plaintiff to the instructions given by the Court; but as the appeal is disposed of upon the exception to the exclusion of testimony, it is unnecessary to set out the charge here. There was a verdict for the defendants, and the plaintiffs appealed.

*Mr. W. C. Monroe* (by brief), for the plaintiffs.
*Mr. G. M. Lindsey,* for the defendants.

SHEPHERD, J. We are of the opinion that a new trial should be granted, because of the rejection of the testimony offered by the plaintiffs.

It is true, that if the deed were executed under duress, and for that reason void, it could not be validated by the fact which the plaintiffs sought to prove. But it was not offered for that purpose, but to rebut " the allegation that she signed said mortgage through fear of her husband." The alleged fact that, a year after she signed the deed which is the subject of this controversy, she voluntarily (as far as we can see) joined the plaintiffs in the execution of the rejected deed of mortgage upon a part of the same land, and for the purpose of paying plaintiffs' mortgage debt, would, it seems to us, be clearly relevant to the issue before the jury. They might well have inquired, why did she not repudiate the whole transaction instead of recognizing it by joining in the execution of the second deed ? It may be that she could have fully explained her act so as to repel the imputed inconsistency; but, be that as it may, we think the plaintiffs were · entitled to the testimony offered.

Error.                                   *Venire de novo.*