## MARTIN DEVINE v. IRA J. BURLESON.

[FILED SEPTEMBER 21, 1892.]

**Forcible Entry and Detention:** DESCRIPTION OF LAND. A description of a tract of land in a complaint in an action of forcible entry and detainer, before a justice of the peace of Holt county, as the "N. W. ¼ section 20, township 29, range 14 west," is not void for uncertainty, although neither the meridian, county, nor state is given. There is but one tract of land in this state to which such description is applicable, and that is situated in the county where the action was originally brought.

ERROR to the district court for Holt county. Tried below before TIFFANY, J.

*M. P. Kinkaid,* for plaintiff in error.

*M. F. Harrington, contra.*

NORVAL, J.

This is an action for the forcible entry and detainer of real property, commenced by Ira J. Burleson, before T. W. Iron, a justice of the peace of Holt county, where the plaintiff had judgment. The defendant took the case on error to the district court, where the judgment of the justice was sustained.

But a single proposition is submitted for our consideration, and that is, Does the complaint sufficiently describe the premises for the possession of which the action is brought? The description in the complaint is the "northwest quarter section 20, township 29, range 14 west." It is insisted that the description is not sufficiently definite, as neither the meridian, county, nor state is given. The objection is untenable. The description is not defective, for the premises are definitely described. There is no uncertainty as to the lands intended. True, the meridian is omitted, but the courts of this state will take judicial notice of the mode of the general government of surveying public lands, and that there is but one meridian line in this state. We know that there is but one tract of land in this state to which the description contained in the complaint is applicable, and that is situated in Holt county. The premises could be established and identified by a competent surveyor without difficulty. The case is brought within the authority of *Cummings v. Winters,* 19 Neb., 719. It was there held that a notice to quit in forcible entry and detainer, which described the premises as " the northeast quarter of section 28, 37, R. 7," sufficiently identified the property. (See *Butler v. Davis et al.,* 5 Neb., 521.)

A description in a deed like the one contained in the complaint before us would not be void for uncertainty. (*Kykendale v. Clinton,* 3 Kan., 85; *Atwater v. Schenck,* 9 Wis., 160; *Doughtery v. Purdy,* 18 Ill., 206; *Billings v. Kankakee Coal Co.,* 67 Id., 489; *Kile v. Yellowhead,* 80 Id., 208; *Smith v. Crawford,* 81 Id., 296; *Russell v. Sweezey,* 22 Mich., 235.)

It follows from what has been said that the judgment of the district court must be

AFFIRMED.

THE other judges concur.