## THE DENVER, MEMPHIS & ATLANTIC RAILWAY COMPANY v. R. H. LOCKWOOD *et al.*

DEED, *Not Void for Uncertainty in Description.* A deed to a railroad company of a right-of-way described as follows: "The following described real estate, situated in the county of Kingman and state of Kansas, to wit: A strip and tract of land 100 feet wide, of which the center line of the route and line of the Denver, Memphis & Atlantic railway of Kansas, as the land is now surveyed, staked, and located, is the center, being 50 feet each side of the center line of said route, over, across and through the following tract and tracts of land, as said route and said line of said railroad passes through the same, to wit, the southeast quarter of section 26, township 27 south, of range 8 west, and the right of said railroad company aforesaid, through its agents, employés, servants, or contractors, to encroach upon the adjoining lands, outside of the limits above mentioned, to which the parties of the first part have title or possession, for the purpose of building or constructing its roadbed and railroad, and of completing or trimming its cuts and fills, and for all other purposes for the building, constructing or maintaining its roadbed or to maintain and operate its said railroad," *held*, not void for indefiniteness or uncertainty in the description of the right-of-way or land conveyed.

*Error from Kingman District Court.*

THIS action was brought on January 4, 1890, by *R. H. Lockwood* and J. W. Glendenin against Jesse W. Bowdle,

Margaret Bowdle, the *Denver, Memphis & Atlantic Railway Company*, H. H. Woolsey, Addie S. Thornburg, on a promissory note, and to foreclose a mortgage securing the note, both note and mortgage having been executed and delivered to plaintiffs by Jesse Bowdle and Margaret Bowdle, his wife. After the execution and delivery of the note and mortgage, Bowdle and wife transferred all their right, title and interest in and to the mortgaged real estate to Addie S. Thornburg. Addie S. Thornburg and H. H. Woolsey filed answers and contested the plaintiffs' alleged rights in the premises, but they have not joined in the appeal. The Denver, Memphis & Atlantic Railway Company filed an answer, alleging, among other things

" That about 14 months prior to the execution of the mortgage by the mortgagor and his wife, they had, for good and valuable consideration, executed and delivered to it a good and sufficient warranty deed, free and clear of incumbrance, for a right-of-way across, upon and through the lands described in the mortgage of 100 feet in width, for its roadbed and tracks, and over which it had for some years prior thereto operated its road."

To this answer the plaintiffs filed a reply containing, first, a general denial, except as to the matters thereinafter admitted; second, that the deed mentioned in the railway company's answer was void and of no effect, and constituted no prior right or title to any of the real estate described in plaintiffs' petition as against plaintiffs' mortgage, " for the reason that there was no definite description of any real estate in said deed by which a decree of court in favor of the defendant could be rendered, as prayed for in the railway company's answer." Trial had on the 28th of April, 1890, before the court, a jury being waived. No evidence was introduced, but the case was disposed of upon the pleadings. The court found

" That the allegations in plaintiffs' petition and reply to the answer of the railway company were true, and that the deed mentioned and set out in the answer of the company is indefinite, uncertain, and void, and of no effect, and consti-

tutes no prior lien, right or title in the railway company to any of its real estate so described, as against the plaintiffs, for the reason that there is no definite and certain description therein."

The court entered a decree foreclosing the mortgage against all of the land described therein, and forever barring and foreclosing the railway company of all right, title, interest, claim and equity of redemption in and to the right-of-way, and every part and parcel thereof. To this judgment the railway company excepted, and brings the case here.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error:

But had the deed been uncertain and indefinite in description, still, as the pleadings stood, the answer was not demurrable. In *Hutchinson v. Myers*, 52 Kas. 293, it is held by this court, as it has repeatedly been, that a motion for judgment upon the pleadings is equivalent to a demurrer; hence, if a demurrer to this answer would not lie, judgment should not have gone against this company. And we insist that the mere allegation of a possessory right, or a mere license, parol or otherwise, express or implied, that for a valuable consideration, as alleged, this company had the right to occupy and use a right-of-way of a definite width, which was either occupied or staked or surveyed across the quarter section described, was a good answer on demurrer, though the deed pleaded did not touch in its description the quarter section. Moreover, inasmuch as the allegation of the execution of the deed was not denied under oath, the introduction of the same in evidence would, as this court said in *Washington Life Ins. Co. v. Haney*, 10 Kas. 536, have been "superfluous," and indeed, under the authority of *Gulf Rld. Co. v. Wilson*, 10 id. 110, and other reported decisions of this court, would have properly been rejected by the court if offered. See Civil Code, § 108.

*Geo. W. Cooper*, for defendants in error:

Assuming that the instrument found in the record is the deed relied upon by plaintiff in error as the one under which

it claims title to a right-of-way through the land described in plaintiffs' petition superior to the mortgage of defendants in error, is not the description of the strip or parcel of land therein described so hopelessly uncertain that the land attempted to be granted cannot be ascertained from the deed with any reasonable degree of certainty? It cannot be claimed with any degree of confidence that the strip of land mentioned in above description can be ascertained without resort to the minutes or record made by the surveyor. This record and other extrinsic evidence, such as the strip then occupied by plaintiff in error, etc., could have been introduced on the trial to give certainty to the above description. As the plaintiff in error neglected to introduce such extrinsic evidence on the trial, it must bear the consequences of its own neglect. *Mead v. Gilfoyle*, 24 N. W. Rep. (Wis.) 413.

The opinion of the court was delivered by

HORTON, C. J.: Some preliminary questions are raised concerning the record, it being urged that it does not contain all the evidence introduced on the trial. "A case-made may be very brief, much more so than a transcript, and was devised mainly for the purpose of abridging the record and lessening the expense of the review." (*K. P. & W. Rld. Co. v. Quinn*, 45 Kas. 477.) This action comes here upon a case-made, and it is recited therein "that the trial by the court was had upon the pleadings in the case, no evidence being introduced." This recital shows that no evidence was introduced upon the trial; that the court considered the pleadings only, and rendered judgment thereon against the railway company. From the record, it is apparent that the court ruled that the answer of the railway company was demurrable. It is insisted that the deed from Jesse Bowdle and wife, on the 3d day of September, 1886, to the railway company, was not attached to the answer or made a part thereof; and, therefore, that this court cannot consider the recital of the deed, if no evidence was introduced. The language of the answer is, that "such railway corporation, on the 3d day of September, 1886, for a

valuable consideration, became the owner of a strip of land 100 feet wide through said quarter section; that said conveyance so made was prior to the execution of the mortgage herein sued upon. A copy of said warranty deed is filed herewith and made a part hereof, marked 'Exhibit A.'" The deed is not marked "Exhibit A," but an inspection of the record shows that immediately after the answer appears the deed referred to, corresponding in all respects to the deed pleaded in the answer, with the filing marks upon it, as showing the date the answer was filed. The reply of the plaintiffs below refers to the deed and recognizes it in the following language:

"The deed mentioned in said railway company's answer is void and of no effect, and constitutes no prior right or title in the company to any of the real estate described in plaintiffs' mortgage, for the reason that there is no definite description of any real estate in the deed by which a decree of court in favor of the railway company could be rendered as prayed for in the company's answer."

Again, it is evident that, although the deed was not marked "Exhibit A," it was filed as a part of the answer, and considered by all of the parties and the trial court as a part of the answer, because in the judgment rendered the court found that

"The deed mentioned in the railway company's answer was void and of no effect, and constituted no prior right or title in the company to any of the real estate described in plaintiffs' petition as against plaintiffs' mortgage, for the reason that there is no definite description of any real estate in the deed by which a decree of court in favor of the railway company could be rendered as prayed for in the company's answer."

We are of the opinion that the various objections presented to the consideration of this case upon its merits are not tenable. The contention of plaintiffs below was, that the deed from Bowdle and wife to the railway company was void for uncertainty or indefiniteness of description. The trial court

sustained this contention. This is the cause of complaint. The description in the deed reads as follows:

"The following-described real estate, situated in the county of Kingman and state of Kansas, to wit: A strip and tract of land 100 feet wide, of which the center line of the route and line of the Denver, Memphis & Atlantic railway of Kansas, as the land is now surveyed, staked, and located, is the center, being 50 feet each side of the center line of said route, over, across and through the following tract and tracts of land, as said route and line of said railroad passes through the same, to wit, the southeast quarter of section 26, township 27 south, of range 8 west, and the right of said railroad company aforesaid, through its agents, employés, servants, or contractors, to encroach upon the adjoining lands outside of the limits above mentioned, to which the parties of the first part have title or possession, for the purpose of building or constructing its roadbed and railroad and of completing or trimming its cuts and fills, and for all other purposes for the building, constructing or maintaining its roadbeds or to maintain and operate its said railroad."

We think that the answer, construing the deed as a part thereof, disclosed with absolute certainty the property sold and conveyed to the railway company prior to the execution of the mortgage. The law will not declare a deed void for uncertainty when the light which contemporaneous facts and circumstances furnish renders the description definite and certain. The answer recites, among other things: "That as such railway company, on the 3d day of September, 1886, for a valuable consideration, it became the owner of a strip of land 100 feet wide through the said quarter section described in plaintiffs' petition, by warranty deed from Jesse W. Bowdle and Margaret, his wife, the then owners of said quarter section; said strip being 50 feet on each side of the center line of the roadbed, and along its route as now located through said quarter section." The deed not only recites "along the line of the railway company, as the land is now surveyed," but describes the line as "staked" and "located." (*Haynes v. Heller*, 12 Kas. 381; *Seaton v. Hixon*, 35 id. 663; *Thompson v. Railway Co.*, 23 Pac. Rep. [Cal.] 130.) The deed not being

void, and the trial court having erred in the judgment rendered, the case will be reversed, and the cause remanded.

All the Justices concurring.