D. S. McCULLOUGH ET AL., RESPONDENTS, v. L. E. OLDS ET AL., DEFENDANTS, L. E. OLDS, APPELLANT.

DEED—DESCRIPTION—UNCERTAINTY.—A description in a deed is not void for uncertainty merely because it fails to state the state, county, or city in which the property is situated, if without such statement the property can still be located and identified.

ID.—REFERENCE TO MAP.—When a tract of land has been subdivided into blocks or lots, and a map thereof made on which the blocks or lots are designated by numbers, a description of the blocks or lots in a deed by the numbers so designated is sufficient, provided the map can be produced and identified.

ID.—SUFFICIENCY OF DESCRIPTION.—A description of the property conveyed by a deed as "lots number 3 and 4, containing ten acres each, in Reiner's subdivision of lot 1103, . . . . said subdivision recorded in book 1, page 184, records of San Diego county," when taken in connection with the map referred to, is sufficient.

ID.—MAP DEPOSITED WITH RECORDER.—A subdivision map of a tract of land deposited in the office of the county recorder, and by him pasted in a deed-book, at a particular page, is sufficiently identified by a deed which refers to it as "recorded" in such book and page, and is admissible in evidence, in connection with the deed, to identify the land intended to be conveyed.

ID.—ALTERATION OF MAP.—The indorsement by the recorder on such map of a subsequent survey of part of the lands delineated thereon cannot operate to destroy its identity with the map referred to in such deed.

APPEAL from an order of the Superior Court of San Diego County granting a new trial.   E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*Works & Works*, for Appellant.

*Hunsaker & Britt*, and *W. J. Hunsaker*, for Respondents.

BELCHER, C.—This is an action to quiet the plaintiffs' title to two lots of land in the city of San Diego, described in the complaint as "Lots three and four, containing each ten acres of land, being a portion of pueblo lot 1103, according to the official map of the pueblo

lands of the city of San Diego, made by Charles H. Poole, and also described as lots three and four, being in the ten-acre lot range of lot 1103, according to the subdivision thereof, a plat of which is recorded in the office of the county recorder of San Diego county, in book number one of Deeds, at page 184."

The case was tried, and the findings and judgment were in favor of appellant. The plaintiffs moved for a new trial, and the motion was heard by the successor of the judge who tried the case, and granted. From that order this appeal is prosecuted.

Plaintiffs produced from the county recorder's office book 1 of Deeds, and offered in evidence the map and entries found on page 184 thereof. The map was pasted on the page, and the entries or indorsements were as follows:

"Original delivered to James Reiner, February 4, 1858. Plan of lots in Mission valley belonging to James Reiner, Esq., county surveyor's office, San Diego, January 12, 1856. Wm. H. Leighton, deputy county surveyor. The foregoing subdivision or survey of lots is a subdivision of one hundred and sixty acres situated in Mission valley, and being numbered one thousand one hundred and three on the official map of San Diego. Joseph Reiner. Received for record January 28, 1858, at 10 o'clock A. M., and recorded February 4, 1858, at 4 o'clock P. M., at request of Joseph Reiner.

                    "GEO. A. PENDLETON, Recorder."

Across the map were lines dividing it into blocks or lots, four of which, extending through the center from left to right, were marked as 660 feet square, and numbered: "1, 10 acres," "2," "3," and "4." At the upper left-hand corner was a lot marked "A, 10 acres," on which was written: "Surveyed for Joshua Sloane, June 15, 1868. James Pascoe, county surveyor."

Plaintiffs next offered in evidence a deed from Joseph Reiner to Cave J. Couts, dated February 10, 1858, and recorded April 15, 1858. By this deed the grantor remised, released, and quitclaimed to the grantee " lots

number three (3) and four (4), containing ten acres each, in Reiner's subdivision of lot 1103, . . . . said subdivision recorded in book one (1), page 184, records of San Diego county."

Plaintiffs also offered other deeds from Couts and his grantee, through and under which they claimed title to the lots in question.

Appellant objected to the Reiner deed and the other subsequent deeds upon the grounds: 1. "That the deed from Reiner to Couts does not sufficiently describe the property, or any property, and that it does not state the state, county, or city in which the property is situated"; 2. "That the map offered in connection with the deeds does not appear to be the map referred to in the deeds"; 3. "That the deeds refer to a map recorded in book 1 of the records of San Diego, page 184, while the map offered in evidence is not recorded, but simply pasted in the book, and that no map is recorded in the book offered at page 184, or elsewhere"; 4. "That the deed and map, taken together, do not sufficiently describe the property, or any property, and that they do not show the county, state, or city"; 5. "That said map does not purport to be map of 1103, but a map of a survey made for Joshua Sloane, June 15, 1858."

The court sustained the objection, and refused to admit the said deeds in evidence, and thereupon, the case being submitted without further evidence, rendered its decision and judgment in favor of appellant.

The new trial was evidently granted upon the theory that the trial court erred in excluding the offered deeds; and the only question presented here for consideration is, Did the Reiner deed contain a description of the premises in controversy sufficient to pass the title thereto to Couts, or was it void for uncertainty?

It is a general and well-settled rule of law that " a deed, for a description of the land conveyed, may refer to another deed or to a map, and the deed or map to which reference is thus made is considered as incorporated in

the deed itself." (Devlin on Deeds, sec. 1020, and cases cited.)

So, also, it is a familiar rule that when a tract of land has been subdivided into blocks or lots, and a map thereof made on which the blocks or lots are designated by numbers, a description of the blocks or lots in a deed by the numbers so designated is sufficient, provided the map can be produced and identified.

Of course the description of the premises in the deed must be sufficiently definite and certain to enable the land to be identified, or it will be void for uncertainty. But "if a surveyor by applying the rules of surveying can locate the land, the description is sufficient. And, generally, the rule may be stated to be that the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed." (Devlin on Deeds, sec. 1012.)

And see Lawson's Rights, Remedies, and Practice, volume 5, section 2285, where it is said, citing numerous authorities, that " if, notwithstanding an uncertain description, the intention of the parties can be gathered from the deed, or from oral proof, the grant is not void."

The objection that the description in the deed to Couts was void for uncertainty, because it did not state the state, county, or city in which the property is situated, is not tenable. Such a statement was not necessary if without it the property could still be located and identified. (*Beal* v. *Blair*, 33 Iowa, 318; *Kykendall* v. *Clinton*, 3 Kan. 85; *Atwater* v. *Schenck*, 9 Wis. 160; *Kile* v. *Yellowhead*, 80 Ill. 208; *Smith* v. *Crawford*, 81 Ill. 296; *Devine* v. *Burleson*, 35 Neb. 238.) The deed in question described the lots by numbers, and as containing ten acres each in Reiner's subdivision of lot 1103, said subdivision being recorded in book 1, page 184, records of San Diego county. There was record evidence that Reiner owned lot 7 in Mission valley, and it was agreed that that lot was the same as lot 1103. It seems clear, therefore, that Reiner, in making his deed to Couts, had in mind and referred to the lot which he owned and

had had subdivided and platted. Under these circumstances we do not think it can be said, as matter of law, that the description was so defective as to be void for uncertainty.

The objection that the map offered in connection with the deeds does not appear to be the one referred to in the deeds, but the map of a survey made for Joshua Sloane in June, 1868, is based on the indorsement found on the upper left-hand corner of the map. But that indorsement cannot have the effect claimed for it. At most, it would seem to indicate only that in June, 1868, Pascoe, as county surveyor, made a survey for Sloane of the ten-acre lot "A," and then made the indorsement as a certificate of such survey.

The objection that the map, having been only pasted ·in the deed-book and not recorded, could not be used.to help out the description in the deed is rested upon the authority of *Caldwell* v. *Center*, 30 Cal. 540; 89 Am. Dec. 131, and *Cadwalader* v. *Nash*, 73 Cal. 43.

In the case first cited the plaintiff produced a map from the recorder's office, and the defendants objected to it on the ground that "it was made with pencil and not with ink," and that "it is pasted in between the leaves of the book, but not recorded."

This court, after conceding that the parties to a deed, instead of setting out in full the metes and bounds or other complete designation of the tract intended to be conveyed, may describe it in whole or in part, by reference to some instrument, as a deed, map, etc., which contains or furnishes such a description of the land that it, when read in connection with the deed, will completely identify the land, said: "The objection should have been sustained. Had the deed referred to a map to be found in that place and condition, it would have been admissible in evidence, for it would have constituted in effect a part of the deed as much as if it had been copied into it. But the deed calls for a map duly *recorded* in the recorder's office, and by the utmost stretch of liberality the one produced cannot be regarded

as recorded. The act concerning county recorders provides that the several instruments entitled to record shall be recorded 'in large and strong bound books, and in a fair, large, and legible hand.' The necessary implication from this provision is that the instrument must be *copied* into the proper book of record; and in view of the purpose to be subserved by the recording of the several classes of instruments mentioned in the act—the making and preservation of accurate and durable official copies of such instruments—a copy made in pencil or other materials that would not permanently remain would not be within the spirit of the act. The map should, for these reasons, have been excluded."

In the second case cited the deed was held void for uncertainty, because it appeared that the reference to the map therein was equally applicable to two different maps, and it was decided that, in such case, parol evidence was inadmissible to identify the one referred to.

Without commenting on the cases cited, it is enough to say that there was no statute in 1858, and is none now, so far as we are advised, providing for the recording of maps. It is, however, a matter of common knowledge that it has been customary to deposit maps in the office of the county recorder, and to refer to them as "recorded" or "of record" in that office. And, when such a map is thus referred to, it may be identified by extrinsic evidence, and the fact that it is not recorded or of record, within the ordinary meaning of those words, is wholly immaterial. In the case of *Saunders* v. *Schmaelzle*, 49 Cal. 59, the deed for a description of the property to be conveyed referred to another deed "recorded in Sacramento"; and it was held that the description in the deed given was not vitiated by the fact that the deed referred to was falsely stated to be recorded in the county where the property was situated. And in *Colton Land etc. Co.* v. *Swartz*, 99 Cal. 278, a sheriff's deed described the property conveyed as the north half of block 36, Colton addition, a plat or map of which addition "is of record in the office of the county recorder of San Ber-

nardino county, state of California." The map offered in evidence was found in a book of maps kept in the recorder's office, and it was objected that it was not admissible, as it was not acknowledged so as to entitle it to record. It was held that "a map thus deposited within the recorder's office is properly referred to in an instrument of conveyance as being 'of record' therein, and may be received in evidence, even though it be not acknowledged."

The map offered in evidence in this case was not objected to; but, if it had been, we think it admissible, notwithstanding the deed referred to it as "recorded in book one, page 184, records of San Diego county."

The other points discussed by counsel do not require special notice.

The order appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.