THE STATE OF KANSAS et al., *Appellants*, v. R. B. THOMAS et al., *Appellees.*

No. 17,592.

#### SYLLABUS BY THE COURT.

EJECTMENT—*Sufficient Description of Property.* A petition in ejectment contained the following description:

> "All that portion of said reservation (the Fort Hays Military Reservation) lying and situate in the southwest quarter of the northwest quarter of section 4, township 14, range 18, lying south of a line commencing at a certain sand stone in the hedge on the west line of section 4, township 14, range 18, four hundred forty feet north of the southwest corner of the northwest quarter of said section 4, running thence east to the west line of the public road which is an extension of Chestnut street south from the city of Hays City, in the county of Ellis, and state of Kansas."

> It is held that the description is sufficient to support a judgment for the plaintiffs, on failure to answer.

Appeal from Ellis district court. Opinion filed October 12, 1912. Reversed.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *E. C. Flood,* of Ellis, for the appellants.

The opinion of the court was delivered by

BENSON, J.: This is an action in ejectment to recover a part of the Fort Hays military reservation, described as follows:

"All that portion of said reservation (the Fort Hays Military Reservation) lying and situate in the southwest quarter of the northwest quarter of section 4, township 14, range 18, lying south of a line commenc-

ing at a certain sand stone in the hedge on the west line of section 4, township 14, range 18, four hundred forty feet north of the southwest corner of the northwest quarter of said section 4, running thence east to the west line of the public road which is an extension of Chestnut street south from the city of Hays City, in the county of Ellis, and state of Kansas."

The reservation was granted to the state for an agricultural experiment station and site for a branch normal school and a public park by act of Congress. (31 U. S. Stat. at Large, ch. 110.) The grant was accepted by the state. (Gen. Stat. 1909, § 8310.)

A motion of the defendants to require more definite statements in the petition was sustained. An amended petition was filed and the defendant made no further appearance. At the proper time the plaintiffs moved for judgment on the pleadings. This motion was overruled for the reason, stated in the judgment entry, "that the court was unable from the pleadings and record to render a judgment with intelligence or certainty because the description of the land in controversy and the metes and bounds thereof is too vague and indefinite in said petition and record." The plaintiffs appeal.

The only question presented by this appeal is whether the land is sufficiently described in the petition. It was said in *Kykendall v. Clinton,* 3 Kan. 85, that in an action for forcible entry and detainer a description of the property in the affidavit as "the hotel commonly called the 'Clinton House' in Indianola, Shawnee county, together with all the rooms, houses, gardens, lots, &c., used in connection with the same," (p. 87) was sufficient, and that such a description would be sufficient in a deed, provided the property could be ascertained, which would be a question of fact, not of law.

The following cases are also pertinent: *Edwards v. Fry,* 9 Kan. 417; *Seaton v. Hixon,* 35 Kan. 663, 12 Pac. 22; *Hollis v. Burgess,* 37 Kan. 487, 15 Pac. 530; *D. M. & A. Rly. Co. v. Lockwood,* 54 Kan. 586, 38 Pac. 794; *Abbey v. McPherson,* 1 Kan. App. 177.

The State, *ex rel.*, v. Thomas.

The description includes all that part of a regular subdivision of a section named lying south of a line extending from a certain designated point east to a public road constituting an extension to the south of a city street properly described by name. No reason appears why this land may not be easily located by the description thus given. A description which furnishes the means of making it certain is sufficient. (*Howdashell v. Krenning*, 103 Va. 30, 40 S. E. 491; *Collins v. Dresslar*, 133 Ind. 290.) Descriptions of this nature have been held sufficient in numerous instances. (*The Harrison, New Trenton, &c., Turnpike Co. and another, v. Roberts*, 33 Ind. 246; *Brown v. Anderson*, 90 Ind. 93; *Ayers v. Reidel*, 84 Wis. 276, 54 N. W. 588; *May v. Railroad Co.*, 26 Minn. 74, 1 N. W. 584; *August Buesing v. John M. Forbes*, 33 Fla. 495, 15 South. 209; *Edwards v. Bowden*, 99 N. C. 80, 9 S. E. 194; *Postlewaite et al. v. Wise*, 17 W. Va. 1; 7 Encyc. Pl. & Pr. 328, 329; 15 Cyc. 92, 93; Sedgwick & Wait on Trial of Title to Land, §§ 455, 457.) However particular a description may be, extrinsic information is often required to enable the sheriff to apply it to identify the particular tract. (*Orton v. Noonan and another*, 18 Wis. 447; *Off v. Heinrichs*, 124 Wis. 440, 102 N. W. 904; Sedgwick & Wait on Trial of Title to Land, § 459.)

The description is deemed sufficient and the judgment is reversed with directions to sustain the motion of the plaintiffs for judgment on the pleadings.