ARTHUR B. BISHOP, APPELLEE, v. L. D. SPAULDING ET AL., APPELLANTS.

FILED MARCH 18, 1916. No. 18498.

1. **Forcible Entry and Detainer: COMPLAINT: DESCRIPTION OF PREMISES.** By section 8470, Rev. St. 1913, the complaint before a justice of the peace in forcible entry and detainer must "particularly describe the premises," and without such complaint the justice has no jursidiction to proceed in the action.

2. ———: ———: ———. If the description in the complaint identifies the premises so that an officer with the writ of restitution which contains the same description can ascertain from the writ the property intended, it is sufficient to give the justice jurisdiction.

3. ———: ———: ———: COLLATERAL ATTACK. A complaint in forcible entry and detainer which alleges that the defendant is in possession of the premises described as "S. W. corner Avenue H and 21st street, East Omaha, Douglas county, Nebraska," is not void for uncertainty. If the evidence shows the defendant to be the tenant of the plaintiff, and that he has no written lease, and that the premises "always went by" the description given in the

complaint, the proceedings before the justice will not, in a collateral attack, be held void for the alleged insufficiency of the description in the complaint.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Stout, Rose & Wells* and *Daniel L. Johnson,* for appellants.

*John O. Yeiser, contra.*

SEDGWICK, J.

It appears that this plaintiff had occupied premises belonging to the defendant company, and in June, 1913, the company began an action in justice court in forcible entry and detainer to recover possession of the premises. Such proceedings were had before the justice that a writ of restitution was issued by the justice and placed in the hands of Hensel, a constable, who removed the plaintiff and his family from the premises. Afterwards the plaintiff began this action in the district court for Douglas county against the constable and the company, his former landlord, and Spaulding, the company's agent, and certain other defendants, alleging a conspiracy to wrongfully remove him from the premises and to do other wrongs. The case was tried by a jury, and the plaintiff recovered a verdict and judgment against the company and its agent, Spaulding, for damages. The defendants have appealed.

The court at the commencement of the trial announced that, if the proceeding before the justice "was legal and lawful, that ends this lawsuit." Although the plaintiff was allowed to put in a mass of evidence which had no bearing upon the legality of the proceeding before the justice, the court disposed of the case upon that issue, held the justice's proceedings void, and instructed the jury to find a verdict for the plaintiff, and submitted only the question of damages.

After the complaint in forcible entry and detainer before the justice was put in evidence, the court excluded

all other evidence of the proceedings, on the objection that the complaint was void because it did not particularly describe the premises. The complaint alleged that the defendant (plaintiff in this suit) entered upon the premises as tenant of the undersigned; "that the said defendant has ever since the 20th day of May, 1913, and does still, unlawfully and forcibly detain from the undersigned possession of the following premises, situated in the county of Douglas, and state of Nebraska, and described as follows, to wit: S. W. corner Avenue H and 21st St., East Omaha, Douglas county, Nebraska." The transcript shows that the defendant therein appeared before the justice, obtained a continuance, and at the trial objected that the "description was insufficient." This objection was overruled, and he excepted. He filed a bond for appeal from the judgment of restitution, and, one of his sureties having withdrawn from the bond, the bond was not approved. Instead of perfecting his appeal, he brought this action.

The cases that have considered the sufficiency of the description of the demanded premises in actions of this kind are almost innumerable. Very many are cited in the briefs. In several of the states the statute is identical with ours, which provides:

"The summons shall not issue until the plaintiff shall have filed his complaint in writing with the justice, which shall particularly describe the premises so entered upon or detained, and shall set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceful or lawful entry of the described premises. The complaint shall be copied into and made a part of the record." Rev. St. 1913, sec. 8470.

The conclusion of the courts generally is that in such actions the description must be such as to so identify the property demanded that the officer with a writ of restitution can ascertain from the writ itself the property intended. The description is jurisdictional, and, unless the complaint sufficiently describes the property, the justice

will be without jurisdiction and his subsequent proceedings therein void. Does this complaint sufficiently describe the property within the above rule?

In *Grant v. Marshall*, 12 Neb. 488, the complaint described a lot in Lincoln. It appeared that the defendant was in possession only of "a small room in the basement" of the building on the lot described. The court held the description sufficient, no objection having been made before the trial court. If there had been no sufficient description to give the justice jurisdiction, there would, of course, be no jurisdiction upon appeal, and the judgment of the district court would have been reversed. This, then, was a holding that such complaint was sufficient so that the justice had jurisdiction.

In *Cummings v. Winters*, 19 Neb. 719, the description was: "The N. E. ¼ of section 28, T. 7, R. 7." The court said: "The description certainly is sufficiently definite to enable any person familiar with the mode of numbering the different subdivisions of land adopted by the government to identify the premises, and this is sufficient, independently of the further statement of occupation by the defendant."

This is also held in *Devine v. Burleson*, 35 Neb. 238, in which the court said: "The premises could be established and identified by a competent surveyor without difficulty."

Under a statute which required that a complaint be filed "specifying" the land, etc., the supreme court of New Jersey held that the following description was sufficient: "The messuage or storehouse and buildings of Lulu Crossman and Charles E. Crossman, and the lot of land whereon the same is located, being fifteen feet by thirty-two feet, situate in the township of Neptune, county of Monmouth, and state of New Jersey, on the south side and edge of the south branch of Great Pond, and a short distance westward of the west line of Central avenue, which runs from Asbury avenue in West Park to said Great Pond." The court said: "Great technical nicety

is not required in the complaint, or in other proceeding in suits for forcible entry and detainer." *O'Hagan v. Crossman,* 50 N. J. Law, 516.

The same court held that "The westerly portion of the building known as 'Newings Hotel,' situate on Broadway, Long Branch City, in the county of Monmouth," was a sufficient description. *Newing v. Stilwell,* 67 N. J. Law, 96.

A complaint in forcible entry and detainer described the land, "known as the Peninsula, 'Punta del Potrero,' " and the supreme court of California held: "Where a declaration describes land by a certain name, this is as good a description as one by metes and bounds, if it can be rendered sufficiently certain by evidence. The fact that a Spanish name can be translated into English so as to mean nothing does not alter or affect its potency as a name descriptive of a place." *Castro v. Gill,* 5 Cal. 40.

That court has decided the precise point involved in this case. The description considered was a certain building "on the southwesterly line of California and Larkin streets," in San Francisco. The court said: "It is plain that the description of the premises is marred by a mere clerical error, and, if we substitute the word 'corner' for 'line,' we have a correct description of the premises involved. That the parties intended the word 'line' to be 'corner' is too plain to need argument; for the description, when read as a whole, shows the fact to be that the premises dealt with by the parties are situated on two streets, Larkin and California, and on the southwest corner thereof." *Olcovich v. Deremberg,* 27 Cal. App. 194.

If we substitute the word "corner" for "line" in that case, we have precisely the description we are now considering, which that court holds is "a correct description of the premises." The plaintiff himself testified that he had no written lease, and that "Twenty-first and Avenue H, that is the number it always went by." It seems clear that the premises in dispute might be identified from the allegation in the complaint, and that the justice of the

99 Neb. 37

peace had jurisdiction to determine who was entitled to possession.

The plaintiff says in the brief: "The defendants were advised of their want of authority and were urged not to proceed, but chose to consider appellee and 'his family more as animals than as human beings; and, thinking laws were made only to be obeyed and respected by the poor and to be ignored by the opulent, they put them out of their home at any cost."

The action of forcible entry and detainer before a justice of the peace is the most simple and inexpensive form of action for such purpose that the law affords. It should not be used to harrass "the poor," nor to give any advantage to "the opulent." It clearly was not so intended by the legislature. If a still more simple and inexpensive method for adjusting the rights of those not desiring, nor prepared for, litigation can be devised, or if justice requires that the public shall assume the defense of those who for any reason are unable to defend themselves, the attention of the legislature should be drawn to the matter. The remedy of an independent action of this nature in the district court does not seem to be less complicated or less expensive than the action before the justice of the peace, even if an appeal from the decision of the justice is found to be necessary. At all events, the statute as it now is intends that, if the proceedings are sufficient to confer jurisdiction upon the justice of the peace, the decision of the justice is the final determination of the right of possession, unless those proceedings are removed to the district court for review. The theory of the law is that one suit must determine which party is entitled to possession. We cannot ignore in this collateral proceeding the judgment of the justice of the peace. It follows that the district court erred in excluding the record of that judgment.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

Rose, J., not sitting.