[No. 4,037.]

# ANNE SAUNDERS v. LOUIS SCHMÆLZLE.

49   59
108  534

DESCRIPTION OF PROPERTY IN DEED.—If a conveyance of a large number of lots in a city states about the number of lots sold, and refers to another deed, given to the grantor, for a particular description of the lots, giving the date of such other deed, and the names of the parties thereto, it is a sufficient identification of the deed referred to, to incorporate the particular description therein contained into the deed given; and the description in the deed given is not vitiated by the fact, that the deed referred to is also falsely stated to be recorded in the county where the property lies.

COMPELLING TRUSTEES TO CONVEY TRUST PROPERTY.—If trustees have authority, in their discretion, to execute a deed of the trust property, a Court of equity may compel them to execute a conveyance in a proper case.

DUTY OF TRUSTEES.—If trustees who have a discretionary authority to sell and convey the trust property, sell the same, and receive the consideration, it is their absolute duty to convey the legal title.

TRUSTEES TAKE AS JOINT-TENANTS.—Whenever, by the terms of a conveyance to trustees with power to sell, it is doubtful whether the trustees take as joint-tenants, or tenants in common, Courts will hold, if possible, that they take as joint-tenants.

IDEM.—In a conveyance to trustees with power to sell, and use the proceeds to pay expenses and the debts of the grantor, if the conveyance is silent, as to whether the trustees take as joint-tenants, or tenants in common, Courts will hold that they take as joint-tenants.

WHEN SURVIVORS OF TRUSTEES MAY EXECUTE THE TRUST.—When trustees, with power to sell, hold as joint-tenants, and one of the trustees dies; as the whole estate descends to the survivors, so the power annexed to the trust devolves on them, and they may sell and convey the legal title.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover lots two and eight, in the block bounded by N and O and Fifteenth and Sixteenth streets, in the City of Sacramento.

The demanded premises were a part of the grant made by the Mexican Government to John A. Sutter in 1841. On the trial, the plaintiff, to prove title, introduced in evidence, a deed from B. Simmons to Billings, Bolton, and Halleck, of which the following is a copy:

"This indenture, made this third day of September, A.

D. one thousand eight hundred and fifty, between Bezer Simmons, of San Francisco, in the State of California, party of the first part, and Frederick Billings, James R. Bolton and H. W. Halleck, of said city, parties of the second part, witness, that the said party of the first part, in consideration of the sum of one dollar to him in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, and for the further consideration hereinafter specified, hath given, granted, bargained and sold, and by these presents do give, grant, bargain and sell unto the said parties of the second part, all those lands, tenements, hereditaments lying and being in the State of California, which are more particularly specified and described in a schedule hereto annexed and made part thereof, marked ' Schedule A,' to have and to hold, unto the said parties of the second part, their heirs and assigns forever. In trust, nevertheless, and to and for the following uses, interests and purposes; that is to say, that the said parties of the second part shall take possession of all and singular the said lands, tenements, hereditaments hereby conveyed, or intended to be, and sell and dispose of the same, either at public or private sale, to such person or persons for such prices and on such terms and conditions, and either for cash or upon credit, as in his judgment may appear best and most for the interest of the parties concerned, and convert the same into money; and thereupon to execute, acknowledge, and deliver good and sufficient deeds and all instruments of conveyances necessary to effect a sale and transfer of any and all the estate and property hereby conveyed or intended to be; and by and with the proceeds of such sale the said parties of the second part shall first pay and disburse all the just, reasonable and usual expenses, costs, charges and commissions of making, executing and carrying into full effect this assignment and the objects thereof; and the residue of the proceeds of such sale shall be considered as the net avails or proceeds of the property hereby conveyed. And first, by and with the net proceeds, the said parties of the second part shall pay and discharge in full all the debts, obliga-

tions and demands due, or to become due, by the party of the first part, or in anywise existing against him, together with all interest which may be due thereon at the time of payment. And, secondly, by and with the rest, residue, and remainder of said net proceeds, if any shall remain after the payment in full of said debts and private liabilities of the party of the first part, the said parties of the second part shall pay and discharge the partnership debt mentioned in the deed of assignment, this day made by the said Bezer Simmons and William H. Stowell, to the said parties of the second part, and hereby referred to according to the order and arrangement established by the said deed for the payment of the debts therein mentioned and referred to; and the said party of the first part also assigns and conveys to the said parties of the second part, all the goods, chattels, vessels, boats and personal property of every kind mentioned in Schedule A, hereunto annexed, in trust for the uses and purposes therein set forth as those to which the proceeds of the real estate above conveyed are to be devoted.

"In testimony whereof the party of the first part doth hereunto set his hand and affix his seal, on the day and year first herein written.

"B. SIMMONS. [L. s.]

"Duly acknowledged.

(Schedule A.)  "Schedule of property belonging to Bezer Simmons, referred to in his deed of assignment:

"The rancho, known as the Navato Rancho, in Marin County, purchased by Jacob P. Leese and Rosalie Vallejo, his wife, November 24, 1846, save a small portion heretofore conveyed to Benjamin Franklin Simmons, with the improvements and my stock thereon. Seven sixteenths of the peninsula forming one arm of the bay of San Diego, purchased of ————————. The following property in the City of San Francisco: An undivided half of one hundred-vara lot, numbered eighty-eight, forty varas by fifty varas of fifty-vara lot, numbered two hundred and eighty-five; western half of fifty-vara lot, numbered two hundred and

three; south half of lot numbered thirty-eight (fifty-vara lot). About one hundred and forty-five lots in Sacramento City. The exact number and locality of the same can be ascertained by the original deed of John A. Sutter to said Simmons, dated November 24, 1849, and recorded in Sacramento; and certain deeds of some of the lots so conveyed by Sutter, given by me to Bethuel Phelps, Isaac T. Mott, Owen Farnham, Franklin A. Billings, Mrs. Ann S. Ryder. The following property in the City of Benicia, viz: The western half of lot one (1) in block five (5); lot six in block twenty-six; lot sixteen in block twenty-five; lots fourteen and sixteen in block forty-seven; lot fourteen in block forty-eight; lot six in block fifty; lot sixteen in block fifty-one; lot sixteen in block fifty-three. One undivided one fourth part of the ship Magnolia. A note signed for two thousand dollars by John F. Pope.

"This deed was recorded in the County Recorder's Office, September 4th, 1850."

For the purpose of identifying the particular lots in Sacramento conveyed by said deed, the plaintiff offered in evidence a deed from John A. Sutter to B. Simmons, dated November 24, 1849, which conveyed the demanded premises and two hundred and three other lots in Sacramento by a particular description. The last named deed was not recorded until the 28th of May, 1851. It will be observed that the deed of Simmons to Halleck and others, which was dated September 3d, 1850, describes the deed of November 24, 1849, to which it refers as already recorded. The defendant objected to the deed from Sutter to Simmons but the Court overruled the objection. Halleck, one of the trustees named in the deed of Simmons, died in 1870. The plaintiff then offered in evidence a judgment rendered in the District Court of Sacramento, on the 13th day of March, 1873, in which this plaintiff was plaintiff, and Frederick Billings and James R. Bolton, the surviving trustees, were defendants. The following is the judgment:

"Now, on this day this cause came on to be heard before the Court upon the plaintiff's complaint and the defendant's

answer herein.  And it appearing to the satisfaction of the Court from the said defendant's answer, that all the allegations in the plaintiff's complaint are true, and all and singular the law and premises being by the Court here seen, heard, and understood, and fully considered, finds for the said plaintiff, and on motion of *Hamilton & Dunlap*, attorneys for plaintiff, it is ordered, adjudged, considered and decreed by the Court, that the said defendants James R. Bolton and Frederick Billings be, and they are hereby required to forthwith make, execute and deliver to the said plaintiff, Anne Saunders, a good and sufficient deed of conveyance, conveying to the said Anne Saunders all the right, title, claim and interest which they, the said James R. Bolton, Frederick Billings, and H. W. Halleck, or either of them, had or held on the 12th day of May, 1852, or at any time since that day, of, in or to those certain lots, tracts or parcels of land, lying and being situate in the city of Sacramento, county of Sacramento, and State of California, particularly known and described upon the map or plan of said city as lots number two (2) and eight (8) in the square or block between N and O, Fifteenth (15) and Sixteenth (16) streets, under and by virtue of a certain deed of conveyance from one Bezer Simmons to said defendants James R. Bolton, Frederick Billings, and H. W. Halleck, bearing date September 3d, 1850 ; and if the said defendants James R. Bolton and Frederick Billings refuse and neglect to make, execute and deliver to said plaintiff, Anne Saunders, the said deed of conveyance of the said premises hereinbefore described, for five days after the entry of this judgment and decree, then and in that event Ed. M. Martin, the Court Commissioner of this Court, be, and he is hereby appointed, and authorized, and empowered to make, execute and deliver to said plaintiff, Anne Saunders, a deed of conveyance for and on behalf of said defendants of said premises; and said deed, when so made, executed and delivered by said Ed. M. Martin, as such Commissioner, shall vest in said plaintiff, Anne Saunders, all the right, title, claim, and interest of, in and to said premises, that passed

to, or was or became vested in the said defendants James
R. Bolton, Frederick Billings and H. W. Halleck, under
and by virtue of the same deed of conveyance from said
Bezer Simmons, of September 3d, 1850, or at any time
since."

The defendant objected to the decree as evidence upon
the ground that it was void; that the Court had no author-
ity to compel the trustees to convey the ·trust ·estate; and
that "the power of the trustees being discretionary and
joint, could not be executed by any except all the trustees;
and one of the trustees (H. W. Halleck) being dead, the
Court had no authority to order by its decree the survivors
to execute the trust; and if it had authority to order the
surviving trustees to proceed and to execute the trust, still
it had no authority to order the surviving trustees to con-
vey the trust property." The Court overruled the objection.
The plaintiff recovered judgment, and the defendant ap-
pealed.

*John Heard*, for the Appellant.

The Court erred in admitting the deed from Sutter to
Simmons, dated November 24th, 1849, in evidence, to show
the description of the property conveyed by the deed of as-
signment to the trustees. Because the deed admitted in
evidence is not the deed described in the assignment deed
and schedule ("A"), the deed referred to in the assignment
being then recorded in Sacramento. The deed admitted in
evidence was not then recorded in Sacramento. The deed
referred to is described by its date, its number of lots, and
its record in Sacramento. All these particulars of decrip-
tion are material. (See the rule. 2 Washburn on Real Prop-
erty, 669, 670.)

The power of the trustees being a personal trust granted
to them by name by the trust deed, and discretionary, could
not be executed by the Court, and its decree assuming the
power to execute the trust is void. (Hill on Trustees, side
pages 485 and 486, and the authorities there referred to;
*Saunders* v. *Webber*, 39 Cal. 287.) In this case the same
trust deed was before the Court. It is now settled that

the Court will never exercise a mere discretionary power, either in the lifetime of the trustees or upon their death or refusal to act. (See Hill on Trustees, side page 486, and authorities cited in note "m.") These powers can only be exercised by those persons to whom they are expressly confided by the trust instrument. (Same author, page 489.) The authority is given jointly to three trustees, without words of survivorship. One of the trustees, H. W. Halleck, died before the suit in which the decree was rendered had been brought. The authority of the trustees determined on his death, and the decree requiring the two survivors to convey was void. Neither the surviving trustees nor the Court could execute a trust which was already determined by the death of one of the trustees. (Hill on Trustees, 489; 16 Ves. 45; 1 B. & Ald. 608.) Besides, the decree deprives the trustees of all discretion.

*Beatty & Denson*, for the Respondent.

If the grantor convey land by description ample and sufficient to designate the property intended to be conveyed, and then add impossible or repugnant calls, the latter will be rejected as *falsa demonstratio*, and the first description will stand. For the law on this subject, see Washburn on Real Property, (Vol. III., top page 344, star paging margin 629, bottom page 670,) and the authorities cited; 7 Johnson, page 223–4. The proposition that the surviving grantees of Bezer Simmons could not themselves convey or be compelled to convey the property deeded to them, it seems to us, arises simply from not noticing the difference between powers and trusts, and also from not noticing the distinction between naked powers and powers coupled with an interest.

The law in regard to mere naked powers, not coupled either with a trust or an interest, is undoubtedly as laid down by appellant. If one attorney out of three who have been authorized, in their discretion, to do or not to do a certain thing, dies, certainly the survivors cannot act. But there is a distinction between a power and a trust. Lord C. J. WILMOT draws the following distinction: "Powers

are never imperative; they leave the act to be done at the will of the party to whom they are given. Trusts are always imperative, and are obligatory upon the conscience of the party entrusted." (See Hill on Trustees, marginal page 67.)

Now, in the case at bar, the fee simple title is conveyed to the grantees and their heirs. If, when one dies, the two survivors cannot sell, then certainly the last survivor cannot. If the last survivor cannot sell, then assuredly his heirs could not sell, and so the estate would become a perpetuity; and the estate which was deeded in trust for the benefit of creditors would become an inalienable estate in the heir of the last survivor. This could hardly be the law in any country where reason, justice and common sense was the guide for Courts in the rendition of their decisions. But the authorities are conclusive on this point.

"When a power of sale is given to several executors, *virtute officii*, or is given to them by name, but is coupled with an interest-or trust, the power may be exercised by the survivor." (Hill on Trustees, note 1, top page 735, marginal page 472; 2 Johnson Chancery Reports, pages 19 to 21; 10 Peters, pages 564–5; 4 Denio, 399.)

When a power conferred on several persons is coupled with an interest, if the interest or estate survives, the power must of necessity survive. (Perry on Trusts, Sec. 505.)


By the Court, McKINSTRY, J.:

The date, names of the parties and description of property sufficiently identify the deed of November 24, 1849, as the instrument referred to in the assignment from Simmons to Billings, Bolton and Halleck. The fact that the deed had not been recorded in Sacramento did not vitiate the description, otherwise sufficient, contained in the assignment.

If the surviving trustees, Billings and Bolton, had authority to execute a conveyance of the legal title to the plaintiff, the District Court was empowered to decree such conveyance; and the objection that the Court had no jurisdiction to enter the decree of the 13th of March, 1870, (on

the ground that the authority of the trustees was to be exercised at their discretion) was properly overruled.   It does not appear from the record but that the land had been sold by the three trustees to the plaintiff, and the consideration received by them, in which event it was their absolute duty to transfer the legal title.

The only remaining question is: Did the District Court have jurisdiction to decree a conveyance of the legal title by the surviving trustees after the death of Halleck?

The trustees held the title as joint-tenants.   Whenever, by the terms of gift, it is doubtful whether trustees take as joint-tenants, or tenants in common, Courts will construe a joint-tenancy if possible. (Perry on Trusts, Sec. 343, and cases cited.)   And the Statute of April 27, 1855, provided: " Every interest in real estate granted or devised to two or more persons, other than executors and trustees as such, shall be a tenancy in common, unless expressly declared in the grant or devise to be a joint-tenancy." (Acts 1855, 1871.)  On the death of Halleck, therefore, the whole estate devolved upon the survivors.

The survivorship of the estate carries with it survivorship of such powers as are annexed to the trust.   " If an estate is vested in three trustees upon a trust to sell, there, as the power is coupled with an interest, and the interest survives, the power also survives.   And this is as old as Lord COKE, who says, 'If a man deviseth land to his executors to be sold, and maketh two executors, and one dieth, yet the survivor may sell, because as the estate, so the trust shall survive; and so note the diversity between a bare trust and a trust coupled with an interest.' " (Perry, Sec. 505.)

Judgment and order affirmed.

Mr. Justice RHODES did not express an opinion.