### WARD v. WARD.

1. PARTITION—TRUSTS—ESTATES.

   Partition will not be granted to a beneficiary under a trust instrument, where the purpose of the trust would be defeated or impaired by a division of the property.

2. TRUSTS—WILLS—CONSTRUCTION.

   Under provisions of a will which creates a trust for a period of twelve years after testator's death, or until the death after his decease of two children within six years, with powers to the trustees to sell, lease, convey, or mortgage the property, or to terminate the trust after six years from his death, the trust does not terminate of itself while all the heirs are living, after six years from testator's death.

3. WILLS—TESTAMENTARY TRUST—VALIDITY.

   A will creating a trust estate in a portion of testator's property for the benefit of his heirs, for a period of twelve years

after his decease, or until the death of two of his children, giving authority to the trustees to terminate the trust after six years, and to convey and control the trust estate, dividing such sums among the heirs annually as can be so divided with regard to the successful conduct of the trust, and containing provisions for the due distribution of the estate at the termination of the trust, is sufficiently definite and complete to be valid, and creates an estate that is inconsistent with partition at the end of six years.

4. SAME—ESTOPPEL—BRIEF.

By admitting in his bill of complaint and brief that the trust was valid, complainant estopped himself from questioning its validity.

5. SAME—STATUTES.

Nor has 3 Comp. Laws, § 11015, permitting any person except a remainderman having an estate in possession of lands, to bring partition, abrogated the rule that relief will be denied where it will defeat the purpose of such trust.

Appeal from Crawford; Sharpe, J. Submitted October 25, 1910. ( Docket No. 60.) Decided December 7, 1910.

Partition by Charles W. Ward against Willis C. Ward and other heirs of David Ward, deceased, and George K. Root, Willis C. Ward and Franklin B. Ward, executors and trustees of the estate of said deceased. From a decree on demurrer, dismissing complainant's bill, he appeals. Affirmed.

*John H. Patterson* (*Fred A. Baker*, of counsel), for complainant.

*Chamberlain, May, Denby & Webster* (*Stevenson, Carpenter & Butzel*, of counsel), for defendants.

HOOKER, J. The important questions in this case relate to the validity of a provision of the will of David Ward, deceased, late of Pontiac, and its construction if it shall be found to be valid, and the complainant's right to partition.

The facts necessary to be stated are, briefly, these: David Ward died May 29, 1900. His will was duly ad-

mitted to probate.   The twenty-first paragraph of his will was as follows:

"(21)  All the rest, residue and remainder of my estate of whatsoever kind or character and wheresoever situated, I give, devise and bequeath to my trustees hereinafter named and their successors, in trust, nevertheless, to hold, manage, control, care for, and invest and reinvest the same for the period of twelve years from and after my decease or until the death after my decease and prior to the expiration of said period of twelve years, of two of my children who shall survive me, with the right and option, however, resting in my said trustees, and their successors, to terminate said trust at any time after six years from my decease in their sound discretion, and during such trust period, I direct that my said trustees, and their successors, shall manage, control and administer my said estate as one entire business and property, and I hereby confer upon them and clothe them with all powers and authorities necessary, expedient or desirable therefor, whether of sale, mortgage, leasing, contracting or otherwise, it being my intention to vest them with as ample and absolute powers of disposition, management and control thereof, as I myself exercised over and in respect to the same in my lifetime.

" I direct my said trustees and their successors during said trust period to divide annually among my children who shall survive me, share and share alike, such sum, as in their judgment can be so divided and distributed with due regard to the successful, effective and productive management of the said property and estate so held by them in trust.

" Upon the expiration of said period of twelve years from my decease, or upon the death, prior to the termination of said period of the second of my said children dying after my decease or at the option or in the sound discretion of my said trustees or their successors, at any time after six years from my decease, I direct that the trust created by this twenty-first item of my will shall cease and terminate, and the property, funds and estate then embraced in said trust shall vest in my children share and share alike, and I direct my said trustees to pay, turn over and convey, the same to my said children with equal interest and to make, execute and deliver all needful and proper instruments of grant, conveyance, transfer, assignment or contract therefor, but I expressly direct and provide, however, that upon

the termination of said trust as hereinabove provided, said property, funds and estate then subject to said trust shall so vest in my said children and be so transferred to them, subject to any contracts or obligations respecting or affecting the same, or any part thereof, before then lawfully entered into or incurred by my said trustees.

"And I further explicitly direct that in any distribution made during the existence of said trust, or in the vesting of the property embraced in said trust upon the termination thereof as above provided, the issue of any child then deceased, shall represent such deceased child and take such deceased child's share. I also expressly direct that any amounts which shall be found charged on my books of account against any of my children, or that shall be represented by any promissory notes, duebills, or other evidence of indebtedness to me of any of my children, shall not be taken or treated as advancements on account of the respective shares or portion of said children, but shall be cancelled and held for naught, except that in the case of my son, Charles W. Ward, he shall be charged in the settlement and distribution of my estate with an advancement of fifty thousand dollars, the advancement herein directed to be charged against my son, Charles W. Ward, to supersede and stand in lieu and stead of the advancement specified and agreed upon in the agreement between said Charles W. Ward and myself, dated May 25, 1899."

Charles W. Ward, the complainant, is one of David Ward's children, and heirs, of whom there were six, all of whom are now living. His widow is dead. The residuary estate consists in part of 70,000 acres of timbered land in northern Michigan, appraised in probate court at $3,819,587.25. The timber is valuable, and complainant asserts that the land is also of much value, because of its susceptibility to reforestation. Complainant files a bill for partition of this land by metes and bounds, and, a demurrer to the bill having been sustained, he has appealed.

The will of the testator plainly shows an intention that his property should go into the possession and control of trustees and be by them kept together and managed for from 6 to 12 years, with a view to realizing the most possible out of it, and distributing it, during which time none of the beneficiaries should have the right of entry

and occupancy. Further, that the trustees should have full rights of management, mortgage, sale, and conversion into other property in the business which he directed that they carry on. If the trust is a valid one in other respects, and the estate in the trustees a mere estate for years, on "term" as counsel call it—which we do not decide—or if the authority to sell and convey land, etc., is a mere power, the partition of the premises at the suit of a beneficiary is inconsistent with the provisions of the will and the purpose of the testator, and that is enough to require the denial of the prayer of the bill, whatever we may think of the nature of estates created by the will and the rights of partition, as applied to other cases.

See Freeman on Cotenancy & Partition, § 439:

"There are many instances in which the right to partition must be denied because the property has been charged with some trust, or dedicated to some purpose which would be defeated or impaired by the division of such property. Thus property may be devised to executors in such a manner as to show that the testator intended them to keep it undivided or to sell it after a stated time and use the proceeds for the benefit of certain designated persons. In these cases the right to partition is necessarily suspended, for it will not be granted in contravention of the will, where its purposes are not forbidden by law or public policy. And, generally, whenever property is vested in trustees, with a power of sale, or any discretionary power, and there are several beneficiaries, none of the latter have a right to treat the trust as terminated and compel a partition of the property. Such partition can be accomplished only by the unanimous assent of the beneficiaries, and we suppose not even with such assent, if the partition would clearly frustrate the objects sought by the creator of the trust."

Again, it is said in 30 Cyc. p. 185, and note:

"It may be stated as a general rule that, whenever an estate is subject to a valid trust, the purpose of which would be defeated by its partition, then all applications for the partition of the trust property must be denied. There may, although there is no direction for the sale of property, be a valid prohibition of its partition, either ex-

press or implied, in a will or other instrument, creating the cotenancy, although no trust is created. Where, however, a trust is created, by the terms of which the division of the property is postponed to some future date, or where, although there is no express direction for such postponement, the objects of the trust must be made impossible or difficult of accomplishment by a partition, such partition, if applied for, must be denied. Where the trust is merely to secure the payment of loans or other debts, a partition is not subversive of it, and need not be denied."

See, also, 30 Cyc. p. 186:

"The exclusion of the right to partition, whether contained in a will or a conveyance, may be implied as well as express, and is implied by any valid direction for the use or disposition of the property which must be thwarted if a partition is permitted."

Numerous authorities are cited.

The case of *Palms* v. *Palms*, 68 Mich. 355, 378 *et seq.* (36 N. W. 419), seems to be consistent with this rule, although that decision is made to rest on the statute. It is held in that case that:

"The trusts contained in this will are express as well as active trusts, and, in so far as they are valid, vest the whole estate in the trustees, in law and in equity, subject only to the execution of the trust; and the persons for whose benefits the trust was created take no estate or interests in the lands, but they may enforce the performance of the trust in equity. How. Stat. § 5578. By another section of the statute it is provided that no person beneficially interested in a trust for the receipt of the rents and profits of lands can assign or in any manner dispose of such interest."

The provisions of that will are in many respects similar to the will in this case.

It may properly be inferred that it is our opinion that the authority of the trustees is neither limited nor so changed, at the end of the period of six years, as to terminate the trust, or justify partition. Counsel have contended that this will does not create a valid trust, yet he says in his bill and brief:

"Your orator does not contest the validity of said trust or any provisions of the will of the said David Ward, but respectfully insists and submits that, upon a true interpretation thereof, the said timber lands are subject to division and partition among said children and grandchildren."

We think that this estops him from claiming that no trust was created. We are of the opinion, however, that the provisions are clearly for the beneficial interest of the beneficiaries, and that the trust is fully expressed and clearly defined, and that the estate taken by the trustees is inconsistent with a present right of partition between the heirs, in view of the requirements of the will and the proper performance of the trust reposed in them.

Counsel for complainant rests his claim to partition on section 11015, 3 Comp. Laws, which provides:

" Such suit may be maintained by any person who has an estate in possession in the lands, of which partition is sought, but not by one who has only an estate therein in remainder or reversion. Such suit may also be maintained by any person who has an estate in possession in any ores, minerals or metals that may exist or be thereafter discovered in such lands and such last mentioned suit shall be brought only against such persons as may have an estate in possession in such ores, mineral or metals."

We understand that he does not claim that partition can be had, if inconsistent with the powers or trust conferred, but maintains that it need not be. As already appears, we think otherwise, and that the statute has not abrogated the rule above stated.

We have been much interested in the learned discussion of counsel in this case; but we are of the opinion that the reasons given above are an insuperable obstacle to the relief sought, and that a discussion of other questions, not necessary to a decision, should be deferred until they shall become crucial in some case.

The decree is affirmed, with costs of both courts.

BIRD, C. J., and OSTRANDER, MOORE, and STONE, JJ., concurred.