SCUDDER *v.* SECURITY TRUST CO.

1. TRUSTS—CHARITIES—STATUTES.
     3 Comp. Laws 1915, § 11575, has no application whatever
     to charitable trusts.

2. SAME—VALID IF ENFORCEABLE IN COURT OF CHANCERY.
     A trust for the purpose of promoting and providing for
     the welfare and comfort of elderly men and women who
     are entirely without means for their maintenance and
     support, is valid under Act No. 280, Pub. Acts 1915 (3
     Comp. Laws 1915, §§ 11099, 11100), where it names a
     trustee capable of executing it, a definite charitable pur-
     pose, and a particular class from which the beneficiaries
     are to be selected, and is therefore enforceable in a court of
     chancery.

Appeal from Wayne; Murphy (Alfred J.), J.   Sub-
mitted January 20, 1927.   (Docket No. 169.)   De-
cided April 1, 1927.

Bill by Charles J. Scudder against the Security
Trust Company, trustee under the last will of John
Scudder, deceased, to test the validity of a charitable
trust created in said will.   From a decree dismissing
the bill, plaintiff appeals.   Affirmed.

*Douglas, Barbour, Brown & Rogers,* for plaintiff.

*H. E. Spalding,* for defendant.

McDONALD, J.   The purpose of this bill is to test
the validity of a charitable trust created in the will
of John Scudder, deceased.   The plaintiff is an heir
at law.   The defendant is the trustee named in the
will.   The hearing was had upon the pleadings.   The
circuit judge sustained the trust and dismissed the

¹Charities, 11 C. J. § 14; ²Id., 11 C. J. §§ 12, 40, 46, 59, 62;
14 L. R. A. (N. S.) 78; 37 L. R. A. (N. S.) 1000; 5 R. C. L.
297; 5 R. C. L. Supp. 277.

bill.    From the decree entered the plaintiff has appealed.

The trust was created by section *h* of paragraph 8 of the will.    It reads as follows:—

"Upon the death of my sister, Jennie Baxter, I direct that the entire residue of my trust estate (after providing for the specific trusts hereinabove created) shall be held by my trustee as a trust to be known as the 'John Scudder Trust for Old People.'

"My trustee shall use said fund, both principal and income, for the purpose of promoting and providing for the welfare and comfort of elderly men and women who are entirely without means for their maintenance and support.    To accomplish this purpose, I direct that said funds shall be used by my trustee under the direction of a committee of three (3) persons.    Such committee shall be selected by my trustee.    One member thereof shall be the president or one of the vice-presidents of the Security Trust Company, said trustee, and the other two (2) members shall be persons identified with charitable work and who, in the judgment of my trustee, are qualified to perform the duties hereby imposed upon them.    My trustee shall have sole discretion in the naming of the members of said committee and it may remove such members and select others whenever in its judgment such action is advisable.

"It is my wish and I direct that said trust funds shall be distributed among not less than three (3) organized institutions in the city of Detroit which undertake the charge and care of elderly persons, or a part thereof may be used to found a new institution having a like purpose.    The distribution of said funds shall rest in the sole discretion of the committee and in allotting and assigning said funds the committee shall not take into consideration race, color, sect, religious faith or any other like conditions.    Either principal or income of said trust property may be paid to such institutions in the discretion of the committee and the same may be used for new buildings and equipment, as a part of an endowment fund, or for special purposes as particular needs may require, as it is my wish that said funds shall be used to aid

in the broadest manner the care of elderly people without means of support.

"The distribution and use of said funds by the committee shall be final and no institution or organization shall have any right of appeal from its decision. Such distribution shall not of necessity be in equal portions to any designated institution, nor shall such payments necessarily be made in the same manner nor at the same time.    I have confidence that my trustee in co-operation with such committee will use the trust funds hereby provided in a manner which will best promote the welfare of elderly persons without means of support and which will serve the best interests of the community."

The plaintiff contends that this trust provision is invalid, because the trust is not fully expressed and clearly defined in the will.    Prior to the enactment of Act No. 122, Pub. Acts 1907, a charitable trust in this State, like all other beneficial trusts, was invalid if it created a perpetuity, or if there was indefiniteness and uncertainty in regard to the beneficiary or object of the trust.    The statute which was then effective as to all trusts provided:

"Express trusts may be created for  *  *  *  the beneficial interest of any person or persons when such trusts are fully expressed and clearly defined upon the face of the instrument creating it, subject to limitations as to time prescribed in this title."    3 C. L. 1915, § 11575.

By the enactment of Act No. 122, the legislature of 1907 distinguished charitable trusts from trusts for private benefit by providing that they should not be invalid for indefiniteness or uncertainty as to the beneficiaries or for violating the rule against perpetuities. Act No. 122 and the amendment of 1911 were repealed by Act No. 280, Pub. Acts 1915 (3 Comp. Laws 1915, § 11099).    The act of 1915 was much more comprehensive than the acts which it repealed, but it re-enacted the main provisions of the former acts.

It is first argued by counsel for the plaintiff that the validity of the trust provision in question is to be tested by construing it in connection with both sections of the statute, viz., section 11575 and section 11099; and, so construing it, they reached the conclusion stated in their brief, as follows:

"The rule governing charitable trusts as gathered from the two sections would then be that any gift, grant, bequest or devise, whether in trust or otherwise, to charitable or benevolent uses is valid without regard to the rule against perpetuities, if it be fully expressed and clearly defined upon the face of the instrument creating it, and misnomer or uncertainty or indefiniteness in naming the beneficiaries thereunder will not invalidate the trust if beneficiaries are named who can be ascertained by extrinsic parol evidence. In this connection 'To name' is given its ordinary and usual meaning; that is, to ascribe an appellation to. In the present case this was not done and the trust must fail."

We are unable to agree with counsel in this contention. Section 11575 has no application whatever to charitable trusts. It applies to all other trusts. The subsequent act, section 11099, puts charitable trusts in a class by themselves and provides different rules for testing their validity. So that the validity of the trust provision under consideration must be tested solely by reference to the provisions of Act No. 280, Pub. Acts 1915 (§§ 11099, 11100). And it would seem that the language of this act furnishes a sufficient answer to the objections urged by the plaintiff against the trust provision of this will. It reads as follows:

"(11099) SECTION 1. No gift, grant, bequest or devise, whether in trust or otherwise to religious, educational, charitable or benevolent uses, or for the purpose of providing for the care or maintenance of any part of any cemetery, public or private, or anything therein contained which shall in other respects be valid under the laws of this State, shall be invalid

238—Mich.—21.

by reason of the indefiniteness or uncertainty of the object of such trust or of the persons designated as the beneficiaries thereunder in the instrument creating the same, nor by reason of the same contravening any statute or rule against perpetuities.    If in the instrument creating such a gift, grant, bequest or devise, there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes, shall vest in such trustee.    If no such trustee shall be named in said instrument or if a vacancy occurs in the trusteeship, then the trust shall vest in the court of chancery for the proper county, and shall be executed by some trustee  appointed for that purpose by or under the direction of the court; and said court may make such orders or decrees as may be necessary to vest the title to said lands or property in the trustee so appointed.

"(11100)  SEC. 2.  The court of chancery for the proper county shall have jurisdiction and control over the gifts, grants, bequests and devises in all cases provided for by section one of this act.    Every such trust shall be liberally construed by such court so that the intentions of the creator thereof shall be carried out whenever possible.    The prosecuting attorney of the county in which the court of chancery shall have jurisdiction and control shall represent the beneficiaries in all cases where they are uncertain or indefinite, and it shall be his duty to enforce such trusts by proper proceedings in the court but he shall not be required to perform any duties in connection with such trusts in any court outside of this State."

This statute recognizes the fact that charitable trusts may not always be "fully expressed and clearly defined" in the instrument creating them.    Its purpose is to enable a court of chancery to enforce such indefinite trusts.    It provides that they are not to be invalidated for that reason; that it is the duty of the court to give them a liberal construction, "so that the intentions of the creator thereof shall be carried out whenever possible."    It provides that the prosecuting attorney shall represent the beneficiaries, "in all

cases where they are uncertain and indefinite," and shall enforce them in a court of chancery.   It further provides that where no trustee is appointed in the instrument creating the trust, or if a vacancy shall occur in the trusteeship, the trust shall vest in the court of chancery.

The learned circuit judge who heard this case adopted the view that the final test of the validity of the trust provisions in question was whether they could be enforced in a court of chancery.   We think that we can do no better than to quote from his opinion:

"I think the final test to be applied to the validity of a trust, challenged as violating the act, is whether the court of chancery could in the last analysis enforce the trust provisions.   If, in the case at bar, the trustee failed or refused to act, and application were made by the prosecuting attorney for the enforcement of the challenged trust, would the court be enabled to ascertain what the objects of the charitable devise are and who its beneficiaries are.   In this connection it is to be remembered that under section 11099, no devise of the kind under consideration is invalid 'by reason of the indefiniteness or uncertainty of the object of such trust, or of the person designated as the beneficiary thereunder.'   The legislation of 1915, in repealing the old legislation upon this subject-matter, not only re-enacted the salient portions of the act of 1907, but added thereto the significant language that a trust shall not be held invalid by reason of the indefiniteness or uncertainty 'of the object of such trust.'

"The object of the trust in issue is the 'welfare and comfort of elderly men and women who are entirely without means for their maintenance and support.' That discloses a very definite objective.   Are the beneficiaries unascertainable?   In the alternative they are to be either three organized institutions in the city of Detroit which care for elderly persons, or a new institution which shall have a like purpose.   It would be a matter of no difficulty for the court to select three organized institutions in the city of De-

troit which care for elderly persons, and to which could also be given the added duty of providing for the welfare and comfort of elderly men and women who are without means of maintenance. Is the beneficiary unascertainable because of the alternative provision making possible the foundation of a new institution? I think this must be answered in the negative, in the light of the decision in *Re Brown's Estate,* 198 Mich. 544, 560."

We find no difficulty in holding that the trust provision of this will is sufficiently certain to enable the court to enforce it according to the wishes of its creator. Here is a trust, a trustee capable of executing it, a definite charitable purpose, and a particular class from which the beneficiaries are to be selected.

"It is sufficient if there be a trust and a particular charitable purpose, as distinguished from a gift to charity generally. The court may supply the trustee to administer the trust; the trustee may select the beneficiaries from within the general class named by the donor, and when necessary may work out the details of the declared purpose within its stated general limits. Certainty of beneficiaries who can invoke judicial power to enforce the trust is not only unnecessary, but is inconsistent with the very nature of a trust for charitable uses, in that the beneficiaries, in a general sense, are the members of the public at large." *Harrington* v. *Pier,* 105 Wis. 485 (82 N. W. 345, 50 L. R. A. 307, 76 Am. St. Rep. 924).

"It is next contended that the trust designating for its beneficiaries 'the boys and girls of California' is void for uncertainty, because the trustees are not empowered to designate what boys and girls, and, if all applied, the trust would be impossible of execution. It should scarcely be necessary to observe that, when the class has been designated, this very vagueness and uncertainty and indefiniteness as to individuals and numbers, is a necessary and essential element to the creation of a valid charitable trust. Perry on Trusts, § 710; *Hinckley's Estate,* 58 Cal. 488. It is in discussing such trusts that the Supreme Court of the United States says in *Russell* v. *Allen,* 107 U. S. 163 (2 Sup. Ct. 327) :

" 'They may, and indeed must, be for the benefit of an indefinite number of persons; for if all the beneficiaries are personally designated, the trust lacks the essential element of indefiniteness, which is one characteristic of a legal charity. If the founder describes the general nature of the charitable trust, he may leave the details of its administration to be settled by trustees under the superintendence of a court of chancery.' " *People* v. *Cogswell,* 113 Cal. 129 (45 Pac. 270, 35 L. R. A. 269).

We think that the circuit judge correctly disposed of the case. His decree is affirmed, with costs to the defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, and FELLOWS, JJ., concurred. CLARK, J., did not sit.

WIEST, J. (*concurring*). I concur. The statute now in force clearly intends application of the doctrine of *cy pres.*

It was said in the *Appeal of Hannan,* 227 Mich. 569, 577:

"The intent of the testator to devote the residue of his estate to charitable purposes is so plain and the terms of the will so positive against any other result that it would avail plaintiff nothing to succeed in eliminating the designated legatee. We find no occasion, however, to resort to the doctrine of *cy pres,* but would, if necessary, unhesitatingly do so, for the residuum was devoted to charitable purposes and this most effectually cut the same off from any distribution as intestate property. If the particular charity designated to take be held to have lost right to do so, all charities of like character are not thereby eliminated and the purpose of the testator defeated."