FOX *v.* GREENE.

1. TRUSTS—DEFINITION.

A trust is a confidence reposed in some other, not issuing out of the land, but as a thing collateral, annexed in privity to the estate of the land, and to the person touching the land, for which *cestui que trust* has no remedy but by subpœna in chancery.

2. SAME—TITLE—EQUITY—RELATIONSHIPS EMBRACED.

A "trust" is a right, enforceable solely in equity, to the beneficial enjoyment of property the legal title to which is vested in another, but in the broadest sense it also embraces obligations arising from numerous fiduciary relationships, such as agency, partnerships, and bailments.

3. PARTITION—JOINT TENANTS—TENANTS IN COMMON—TRUSTS—BENEFICIARIES—STATUTES.

Two provisions of chapter of statute relative to partition, one providing that all persons holding lands as joint tenants or tenants in common may have partition thereof and later provision that such chapter was applicable to lands held by a trustee and that proceedings could be instituted by a trustee or anyone beneficially interested in the lands must be construed together, and so construed, confer right to partition upon a trustee who is a joint tenant or tenant in common with another or any person beneficially interested in the trust but do not confer any such right upon the beneficiary of the trust as against the trustee (3 Comp. Laws 1929, §§ 14995, 15074).

4. SAME—TRUSTS.

It is a general rule that partition may not be maintained by the beneficiary of the trust in real estate against the trustee holding the title thereof.

5. SAME—TRUSTS—UNANIMOUS CONSENT OF BENEFICIARIES—FRUSTRATION OF PURPOSE.

Whenever an estate is subject to a valid trust, the purpose of which would be defeated by its partition, an application for the partition of the trust property must be denied except with the unanimous assent of the beneficiaries and not even then if that would clearly frustrate the objects sought by the creator of the trust.

6. SAME—TITLE—POSSESSION.

Partition acts on the possession and not on the title; it creates no new title but merely severs the previous unity of possession.

7. TRUSTS—BENEFICIARIES' INTEREST NOT SUBJECT TO PARTITION.

The interest of a beneficiary under a trust in real estate is not an estate in possession subject to partition.

8. BANKRUPTCY—QUITCLAIM DEED BY TRUSTEE.

A quitclaim deed, executed by a trustee in bankruptcy, could convey no more interest in the property than the bankrupt had and which passed upon the adjudication in bankruptcy to the trustee.

9. PARTITION—ESTATES IN POSSESSION—REMAINDER.

Partition can only be maintained by a person who has an estate in possession in the lands of which partition is sought, but not by one who has only an estate therein in remainder or reversion (3 Comp. Laws 1929, §§ 14995, 15074).

10. Same—Bankruptcy—Trusts.

> Partition *held*, properly denied to purchaser at bankruptcy sale under order authorizing assignment by trustee in bankruptcy of "¾ of ¼ of net proceeds to be derived from sale of lots * * * for which * * * (bankrupt and another) are trustees" since interest conveyed by trustee in bankruptcy under quitclaim deed was not an estate in possession.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 5, 1939. (Docket No. 20, Calendar No. 40,186.) Decided June 5, 1939.

Bill by William Fox against Guy S. Greene and others for a partition of real estate. Decree for defendants. Plaintiff appeals. Affirmed.

*Shapero & Shapero* and *Carlyle Michelman,* for plaintiff.

*Frank C. Golden,* for defendants Greene and Bailey.

Potter, J. Plaintiff, claiming to be the owner of an undivided 3/16 interest in real estate in Wayne county, filed a bill to partition the same. From a decree dismissing the bill of complaint, he appeals.

February 2, 1925, George N. Bailey and Clara E. Bailey, his wife, George R. Keller and Lillian O. Keller, his wife, and Guy S. Greene and Helen A. Greene, his wife, conveyed to Mary M. Collins the lands and premises in question, subject to a mortgage running to Minnie M. Baker, dated April 22, 1916, which the second party assumed and agreed to pay; and Mary M. Collins deeded to George N. Bailey and Guy S. Greene, as joint tenants, with the right of survivorship, the lands and premises in question, subject to the mortgage above mentioned which the grantees in such deed assumed and agreed to pay. January 2, 1925, George N. Bailey and Guy S. Greene, as parties

of the first part, and George R. Keller and the estate of W. W. Hannan, parties of the second part, made an agreement in relation to the land in question, which recited that the parties of the second part furnished a certain portion of the purchase price of said land; that the parties of the first part were about to subdivide the land into lots and sell the same; and that after all mortgage indebtedness and expense incident to the platting and selling of said land was paid in full, the net residue or proceeds from the sale of said land should be divided, one-half to George N. Bailey, one-fourth to George R. Keller, one-eighth to Guy S. Greene, and one-eighth to the estate of W. W. Hannan. It was further agreed that all books, records, and accounts pertaining to the platting and selling of the land should be open at all times, during business hours, for the inspection of any of the parties to the contract in person or by their duly authorized agents.

There is no question but the purpose of these conveyances and the contract in question was to subdivide the land into lots and sell the same, pay off the mortgage, and divide the proceeds.

George R. Keller was adjudicated a bankrupt and his interest in the property sold as an asset of his estate by the trustee in bankruptcy at public auction on January 9, 1936, and purchased by plaintiff in the sum of $85. The order of the referee in bankruptcy was: "that Henry J. Meurer, trustee herein, execute an assignment of all his right, title and interest, in ¾ of ¼ of net proceeds to be derived from the sale of lots in North Haven, a partnership, for which George N. Bailey and Guy S. Greene are trustees, to William Fox, upon receiving from him in cash the sum of $85."

Instead of executing an assignment of the bankrupt's interest in the 3/16 of the net proceeds to be

derived from the sale of these lots, the trustee in bankruptcy executed a quitclaim deed of the interest of George R. Keller therein, and it is upon this deed plaintiff bases his rights.

The lands and premises in question were held by George N. Bailey and Guy S. Greene, as trustees.

Lewin defines a trust as "a confidence reposed in some other, not issuing out of the land, but as a thing collateral, annexed in privity to the estate of the land, and to the person touching the land, * * * for which *cestui que trust* has no remedy but by subpœna in chancery." Lewin on Trusts (13th Ed.), p. 11. This definition is adopted in 1 Perry on Trusts & Trustees (6th Ed.), § 13.

A trust is a right, enforceable solely in equity, to the beneficial enjoyment of property the legal title to which is vested in another. 65 C. J. p. 212.

" 'Trusts,' in the broadest sense of the definition, embrace, not only technical trusts, but also obligations arising from numerous fiduciary relationships, such as agents, partners, bailees, et cetera." *Rothschild* v. *Dickinson,* 169 Mich. 200.

Plaintiff contends he is entitled to maintain this bill of complaint under the statute in relation to partition, 3 Comp. Laws 1929, § 15074 (Stat. Ann. § 27.2091), which provides:

"The provisions of this chapter shall be applicable to lands held by a trustee for the benefit of parties having a beneficial interest therein, and the proceedings for a partition may be instituted by the trustee, or any party interested in the lands so held, and shall be regulated by the provisions of this chapter, except as is hereinafter provided."

But the general statute of partition, 3 Comp. Laws 1929, § 14995 (Stat. Ann. § 27.2012), provides:

"All persons holding lands as joint tenants or tenants in common, may have partition thereof, in the manner provided in this chapter."

These two provisions of the statute must be construed together; and, as so construed, do not confer upon the plaintiff the right to partition which he claims, but, rather, indicate that property held by a trustee who is a joint tenant, or tenant in common with another, may be partitioned at the instance of the trustee, or of any person beneficially interested in the trust. They do not confer any right upon the part of the beneficiary of a trust to maintain partition as against the trustee. It is a general rule that partition may not be maintained by the beneficiary of the trust in real estate against the trustee holding the title thereof. *Baldwin* v. *Humphrey*, 44 N. Y. 609; *Saunders* v. *Schmaelzle*, 49 Cal. 59; 1 Perry on Trusts & Trustees (6th Ed.), § 343; 30 Cyc. pp. 185, 186; Freeman on Cotenancy & Partition (2d Ed.), § 439; *Palms* v. *Palms*, 68 Mich. 355; *Ward* v. *Ward*, 163 Mich. 570.

Whenever an estate is subject to a valid trust, the purpose of which would be defeated by its partition, then an application for the partition of the trust property must be denied. 30 Cyc. p. 185.

"There are many instances in which the right to partition must be denied because the property has been charged with some trust, or dedicated to some purpose which would be defeated or impaired by the division of such property. * * * Such partition can be accomplished only by the unanimous assent of the beneficiaries; and we suppose not even with such assent, if the partition would clearly frustrate the objects sought by the creator of the trust." Freeman on Cotenancy & Partition (2d Ed.), § 439.

These authorities were approved by this court in *Ward* v. *Ward, supra.*

The general rule is that partition acts on the possession and not on the title. It creates no new title. It merely severs the previous unity of possession. 47 C. J. p. 611.

The order of the referee in bankruptcy only authorized the sale of the beneficial interest in the trust property belonging to the bankrupt. Such interest was not an estate in possession. The execution of the quitclaim deed could convey no more interest in the property than the bankrupt had and which passed upon the adjudication in bankruptcy to the trustee. Partition can only "be maintained by a person who has an estate in possession in the lands of which partition is sought, but not by one who has only an estate therein in remainder or reversion." *Campau* v. *Campau,* 19 Mich. 116, 122; *Shaw* v. *August,* 266 Mich. 634.

The trial court arrived at a correct conclusion. Its decree is affirmed, with costs.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred.