*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CINDY SCHAAF, COLLEEN M. FRYER, and
GWEN MASON,

              Plaintiffs/Counterdefendants-
              Appellees,

v

CHARLENE FORBES, also known as ANGIE
FORBES,

              Defendant/Counterplaintiff-
              Appellant.

FOR PUBLICATION
July 1, 2021

No. 343630
Antrim Circuit Court
LC No. 2016-009008-CH

ON REMAND

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

RIORDAN, J. (*concurring in part and dissenting in part*).

I concur with the majority that the circuit court had subject-matter jurisdiction over this case, that it did not abuse its discretion by considering more than 300 pages of documentation offered by plaintiffs, and that it did not err by requiring contribution to plaintiffs. However, I respectfully dissent from the majority's conclusion that the circuit court did not err by ruling that a trust cannot hold title to real property as a joint tenant with rights of survivorship.[1]

"The common law, which has been adopted as part of our jurisprudence, remains in force until amended or repealed." *Wold Architects & Engineers v Strat*, 474 Mich 223, 233; 713 NW2d 750 (2006). See also MCL 554.43 ("Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and properties of which respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter."). It is true that the common

---

[1] Because I would conclude that the circuit court erred in this regard, I also disagree with the majority that the circuit court's corresponding partition ruling should be affirmed as well.

law provided that neither corporations nor sovereigns may hold title as a joint tenant because "king and corporation can never die." 2 Blackstone, Commentaries on the Laws of England, p *184. That is, "because a corporation can survive indefinitely, which is contrary to the right of survival of a joint tenancy," a corporation may not hold title as a joint tenant under the common-law rule. 6A Fletcher, Cyclopedia of the Law of Corporations § 2816.

However, as the majority acknowledges, a trust could not exist in perpetuity under the common law. See *Scudder v Security Trust Co*, 238 Mich 318, 320; 213 NW 131 (1927). Thus, the basis for the common-law rule precluding a corporation from holding title as a joint tenant is inapplicable here. Indeed, the majority does not cite any authority providing that a trust may not hold title as a joint tenant under the common law. Rather, the majority offers "common sense" arguments to reach its conclusion. In my view, the common law and statutory framework provide to the contrary, and that is what we should follow to resolve the matter before us.

"A trust is a right, enforceable solely in equity, to the beneficial enjoyment of property the legal title to which is vested in another." *Fox v Greene*, 289 Mich 179, 183; 286 NW 203 (1939). " 'Trusts' in the broadest sense of the definition, embrace, not only technical trusts, but also obligations arising from numerous fiduciary relationships, such as agents, partners, bailees, etc." *Id*. (cleaned up). See also Restatement (Third) of Trusts § 2 ("A trust . . . is a fiduciary relationship with respect to property, arising from a manifestation of intention to create that relationship and subjecting the person who holds title to the property to duties to deal with it for the benefit of charity or for one or more persons . . . .").

Our common law recognizes that a trustee may hold title as a joint tenant. See, e.g., *Norris v Hall*, 124 Mich 170, 176; 82 NW 832 (1900) ("The deed from Dyson to the five trustees expressly stated that they were to hold 'as joint tenants, and not as tenants in common.' "); *Fox*, 289 Mich at 184 ("[P]roperty held by a trustee who is a joint tenant, or tenant in common with another, may be partitioned at the instance of the trustee, or of any person beneficially interested in the trust.").[2] If a trustee may hold title as a joint tenant, it seemingly follows that the trust itself may be deemed as holding title as a joint tenant to the same extent. See *Ford v Wright*, 114 Mich 122, 124; 72 NW 197 (1897) (explaining that a trustee holds trust property). The conclusion that a trust may hold title as a joint tenant is consistent with the Restatement (Third) of Trusts § 40, which explains that "a trustee may hold in trust any interest in any type of property." Comment *b* to that section further explains:

> [L]egal or equitable present interests in real or personal property for life or for a term of years, and presently existing future interests, whether legal or equitable, whether reversionary interests, executory interests, or remainders (contingent, vested, or vested subject to being divested), may be held in trust.

---

[2] I acknowledge that *Norris* and *Fox* concerned properties in which the joint tenants were all trustees. Nonetheless, such cases illustrate that there was no blanket common-law prohibition against a trustee holding title as a joint tenant.

Accordingly, in my view, the common-law authorities cited above weigh in favor of a rule that a trust may hold title as a joint tenant, or at a minimum, fail to establish a contrary rule.

Alternatively, even if there was a common-law rule providing that a trust may not hold title as a joint tenant, I would conclude that such a rule has been superseded and replaced by statute. The Michigan Trust Code, which is set forth as Article VII of the Estates and Protected Individuals Code, MCL 700.1101 *et seq.*, is a comprehensive scheme with dozens of provisions addressing virtually every aspect of trust law. "In general, where comprehensive legislation prescribes in detail a course of conduct to pursue and the parties and things affected, and designates specific limitations and exceptions, the Legislature will be found to have intended that the statute supersede and replace the common law dealing with the subject matter." *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 390; 738 NW2d 664 (2007) (quotation marks and citations omitted). Thus, for example, this Court has held that the Michigan Trust Code sets forth the exclusive grounds for removal of a trustee and that a trustee cannot be removed for additional grounds at common law. *In re Gerald L Pollack Trust*, 309 Mich App 125, 161-163; 867 NW2d 884 (2015).

Relevant to this case, there is no provision within the Michigan Trust Code that precludes a trust from holding title to real property in the same manner as a natural person. This absence is noteworthy because the Michigan Trust Code includes several provisions otherwise limiting trusts and trustees. See, e.g., MCL 700.7404 ("A trust may be created only to the extent its purposes are lawful, not contrary to public policy, and possible to achieve."); MCL 700.7815(3)(b) ("A trustee may not exercise a power to make distributions pursuant to a discretionary trust provision in a manner to satisfy a legal obligation of support that the trustee personally owes another person."). Further, the Michigan Trust Code includes several provisions conferring broad powers upon trusts and trustees to hold, manage, and distribute trust property. See, e.g., MCL 700.7816(1)(b)(*ii*) ("A trustee, without authorization by the court, may exercise all of the . . . [p]owers appropriate to achieve the proper investment, management, and distribution of the trust property."); MCL 700.7817(g) ("[A] trustee has . . . [the power to] acquire property, including property in this or another state or country, in any manner for cash or on credit, at public or private sale; and to manage, develop, improve, exchange, partition, or change the character of trust property."). In my view, the express conferral of such powers, coupled with the absence of any express limitation that would be controlling here, shows the Legislature's intent to supersede and replace any common-law rule that may have existed to prohibit a trust from holding title as a joint tenant.

I respectfully disagree with the majority that "[c]ommon sense and relevant law establish that . . . a trust may not hold property as a joint tenant with rights of survivorship." The common-law rule against a corporation holding title as a joint tenant—which the majority extends here to trusts—is, according to one court, "universally criticized and generally ignored in the United States." *Bank of Delaware v Bancroft*, 269 A2d 254, 255 n 1 (Del Ch 1970).[3] Indeed, the rule

---

[3] In *Bancroft*, the Delaware Court of Chancery ruled that a trust company may hold title as a joint tenant with rights of survivorship because a Delaware statute conferring the powers of "a legally qualified individual" upon such companies superseded the common-law rule to the contrary.

was revoked in England in 1899 by the Bodies Corporate (Joint Tenancy) Act, 1899, 62 & 63 Vic.C. 20.  *Id.*  As illustrated by this case itself, application of the rule results in a division of interests that, in all likelihood, was completely unforeseeable by both the grantor and the grantees at the time of the trust's creation.  Even if such a peculiar outcome is compelled by the common law applicable to corporations and joint tenancies, our Legislature has sensibly abrogated that common law with respect to trusts in order to provide stability and certainty to trustees and those who engage with them.

Accordingly, I respectfully dissent from the majority's conclusion that a trust cannot hold title to real property as a joint tenant with rights of survivorship.

/s/ Michael J. Riordan

---

See also Bogert, Trusts & Trustees (2d ed) § 145 ("In the United States, where a trust company or bank is made co-trustee with an individual, it is usual to provide in the trust instrument for survivorship in the corporate trustee.  If such a provision is not made, . . . the ancient law with regard to the inability of corporations to act as joint tenants is deemed to be still in force . . . .").